UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PATHWARD, NATIONAL ASSOCIATION**,

Plaintiff,

v.                                                                          Case No. 8:23-cv-02711-WFJ-AEP

**FINE LINE LASER CLINIC, LLC**, and
**ANNA MABEN**, as Guarantee,

Defendants.

_____/

## ORDER

Before the Court is Plaintiff Pathward, National Association's ("Pathward") Motion for Default Judgment against Defendants Fine Line Laser Clinic, LLC ("FLLC"), and Anna Maben ("Maben") (collectively "Defendants"). Dkt. 14. Upon careful consideration, the Court grants Plaintiff's Motion and awards Pathward $101,301.40 in damages, exclusive of fees and costs.

## BACKGROUND

On May 26, 2022, Defendants entered into a Finance Agreement of $136,011.00 with Pathward requiring them to begin payment on July 1, 2022. Dkt. 14 at 2. Defendants made payments from July 2022 through July 2023. *Id.* They then defaulted and made no further payments. *See generally* Dkt. 14-1.

Under § 10 of the Finance Agreement, if Defendants failed to pay a "Monthly Installment Payment", Pathward could recover as liquidated damages the "sum of the (A) entire balance of the unpaid past due Monthly Installment Payments; and (B) the future Monthly Installment Payments discounted to the date of determination at the then-current discount rate of the Federal Reserve Bank of Atlanta (the "Discount Rate") for the term; plus reasonable costs and fees of collection including attorneys' fees[.]" Dkt. 1-1 at 2.

Pathward sent two default notices to Defendants with no response from them, or any further payment received. Dkt. 14-2; Dkt. 14-3. Pathward filed the instant lawsuit on November 28, 2023. Dkt. 14 at 1. Defendants were served on December 14, 2023, and December 18, 2023, but failed to make any appearances in this case. Dkt. 12 at 1. Accordingly, on January 26, 2024, a Clerk's Default was entered against Defendants. Dkt. 12 at 2. Pathward now moves for a final default judgment against Defendants. *See* Dkt. 14.

## LEGAL STANDARD

"The effect of the entry of a default is that all of the factual allegations in the [c]omplaint are taken as true, save for the amount of unspecified damages." *Whole Space Indus., Ltd. V. Gulfcoast Int'l Prod., Inc.*, No. 209-CV-217-UA-SPC, 2009 WL 2151309, at *3 (M.D. Fla. July 13, 2009) (citation omitted). Additionally, "if

liability is well-plead in the complaint, it is established by the entry of a default." *Id.*

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default[.]" *Id.* Instead, "the Court determines the amount and character of damages to be awarded." *Id.* Damages can be awarded without an evidentiary hearing if the amount is a liquidated sum or capable of mathematical calculation. *See* Fed. R. Civ. P. 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).

## DISCUSSION

Pathward's factual allegations are sufficient to establish Defendants' liability for breach of contract. A breach of contract requires: (1) the existence of a valid contract; (2) a breach of that contract; (3) causation; and (4) damages. *Carpenter Contractors of Am., Inc. v. Fastener Corp. Of Am.*, 611 So.2d 564, 565 (Fla 4th DCA 1992). Additionally, a personal guaranty is a contract under Florida law. *BrewFab LLC v. 3 Delta, Inc.*, No. 22-11003, 2022 WL 7214223 (11th Cir. 2022). Therefore, a breach of personal guaranty requires proof of the same elements as that of a contract under Florida law. *Wellbest Indus., LTD. v. Retail Consumer Sci., LLC*, No. 8:18-cv-2914-KKM-JSS, 2021 WL 6280381, at *4 (M.D. Fla. Dec. 16, 2021), *report and recommendation adopted*, No. 8:18-CV-2914-KKM-JSS, 2022 WL 46392 (M.D. Fla. Jan. 5, 2022).

Pathward alleges that the Finance Agreement is a valid contract that FLLC and Maben accepted; that Maben executed the personal guaranty for the Finance Agreement; that Defendants breached the contract by failing to make any more periodic payments; that this breach caused them damages; and that they are entitled to liquidated damages under § 10 of the Finance Agreement. FLLC and Maben are jointly and severally liable for the breach of the contract.

Pathward's factual allegations, attachments, and letters to Defendants also form a sufficient basis upon which the Court can determine the sum of Pathward's damages under the Finance Agreement's terms. Accepting as true that the parties entered into a contract which entitled Pathward to liquidated damages, and that FLLC and Maben defaulted on payments after July 2023, the Court finds that Plaintiff suffered damages of $101,301.40. Further, Pathward is entitled to attorney's fees and costs under the Finance Agreement. For a determination on the amount of those fees/costs, Pathward must provide the Court with further documentation detailing the breakdown of fees and costs.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

(1) Pathway's Motion for Default Judgment is **GRANTED**.

(2) Default judgment is entered against Defendants and in favor of Pathway in the amount of $101,301.40 in liquidated damages.

(3) The Court retains jurisdiction of this case to enter further orders that are necessary and proper for Execution and/or Garnishment.

**DONE** and **ORDERED** at Tampa, Florida, on March 20, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies Provided To**
Counsel of Record